IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERNESTO MEDRANO, #54552-179, | ) | |
| | ) | |
| v. | ) | 3:08-CV-2250-N |
| | ) | (3:05-CR-075-N(18)) |
| UNITED STATES OF AMERICA, | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a motion to vacate, set aside or correct the sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties: Petitioner Ernesto Medrano ("Medrano") is presently confined within the Bureau of Prisons (BOP). He is represented by retained counsel. The court has not ordered the government to respond pending preliminary screening.[1]

Statement of the Case: On February 15, 2006, Petitioner pled guilty to conspiracy to distribute cocaine, marijuana and methamphetamine pursuant to a plea agreement. *United States v. Medrano*, 3:05cr075-N(18). Punishment was assessed at 210 months imprisonment, and a five-year term of supervised release. *Id.* Petitioner appealed his sentence. On December 21,

---

[1] The prisoner number listed on the first page of the § 2255 motion (#54552-179) appears incorrect. The BOP's website reflects that a prisoner by the name of Ernesto Medrano, inmate #52452-179, is presently incarcerated at Beaumont USP.

2007, the Fifth Circuit Court of Appeals affirmed. *See* No. 07-10326.

In his timely § 2255 motion, Petitioner alleges ineffective assistance of trial counsel. Specifically, he claims that counsel failed to investigate the case properly and file pretrial motions prior to his guilty plea, failed to file any meaningful objections to the presentence report (PSR), and failed to challenge at sentencing certain PSR calculations. Petitioner also alleges that an evidentiary/discovery hearing is necessary to resolve factual matters.

<u>Findings and Conclusions</u>: Rule 4(b), of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

To establish ineffective assistance of counsel in the context of a guilty plea, a defendant/movant must demonstrate (1) that counsel's performance was deficient, and (2) that there is a reasonable probability that, but for counsel's errors, defendant would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985); *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996). A court need not address both components of this inquiry if the defendant makes an insufficient showing on one. *Strickland*, 466 U.S. at 697.

At the outset the court notes that Petitioner's ineffective assistance of counsel's claims are conclusory and, therefore, fail on their face to present cognizable grounds for habeas relief under § 2255. Conclusory allegations, whether made by a *pro se* litigant or by counsel, are clearly insufficient to raise cognizable claims of ineffective assistance of counsel. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir.

1983)); *United States v. Jones*, 614 F.2d 80, 81 (5th Cir. 1980) (conclusory statements regarding government conspiracy were insufficient to state a constitutional claim in a § 2255 proceeding); *United States v. Daniels*, 12 F.Supp.2d 568, 575 (N.D. Tex. 1998) (citing *Ross*) (conclusory allegations cannot serve as the basis for a claim of ineffective assistance of counsel).

Petitioner alleges counsel did not file pretrial motions prior to his guilty plea or investigate his case properly. While the § 2255 motion lists numerous types of pre-trial motions that trial counsel could have filed, it fails to provide any details whatsoever as to the applicability of any of the mentioned motions. Nor does Petitioner explain what prejudice, if any, he endured as a result of counsel's failure file pretrial motions.

Likewise, Petitioner fails to explain what investigation trial counsel could have conducted and how he was prejudiced. Under Fifth Circuit precedent, "[a] defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green,* 882 F.2d 999, 1003 (5th Cir. 1989).

The record demonstrates the absence of any basis to file pre-trial motions or investigate before Petitioner's guilty plea. At his re-arraignment before Magistrate Judge Ramirez, and after being placed under oath, Petitioner confirmed the accuracy of the factual resume which he had previously signed on January 26, 2006. *See* Re-arraignment transcript at 13-14. In pertinent part the factual resume stated that Petitioner conspired and agreed with others to distribute and possess with intent to distribute cocaine. Specifically the factual resume acknowledged that Roy Arredondo would contact Petitioner, while he was incarcerated, to request him to supply large quantities of cocaine, and Petitioner would in turn provide the requested cocaine through a

3

supplier in El Paso, Texas. *See* Factual Resume at p. 2-3 (Docket # 299 in 3:05cr075-N(18)).

"Ordinarily a defendant will not be heard to refute his testimony given under oath." *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). "'Solemn declarations in open court carry a strong presumption of verity,' forming 'formidable barrier in any subsequent collateral proceedings.' *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

The allegations asserted in the first ground of the § 2255 motion are in direct contradiction to the facts admitted by Movant while under oath at his re-arraignment. Clearly counsel had no reason to file any pre-trial motions or conduct any pre-trial investigations.

Next Petitioner asserts that counsel rendered ineffective assistance in his preparation for sentencing. In this regard, he asserts generally that his attorney failed to file any meaningful objections to the PSR.

Counsel filed five objections to the PSR. Petitioner's contention that counsel did not file "meaningful objections" is wholly conclusory and does not rebut the presumption of competent counsel.

In his third ground, Petitioner asserts that counsel failed to challenge at sentencing the PSR calculations relative to his role in the offense, his criminal history points, and the drug quantity. He argues that counsel's failure to raise these issues hindered appellate counsel's efforts to argue these claims on direct appeal.

The sentencing claims at issue were raised on appeal and rejected. Petitioner cannot show any prejudice as a result of trial counsel's failure to challenge the claims at sentencing.

Lastly, Petitioner asserts that an evidentiary and discovery hearing is necessary to resolve

4

factual matters in this case and to aid the court in the decisional process. This claim does not present an independent basis for habeas relief. Pursuant to Rule 4(b), of the Rules Governing § 2255 proceedings, and for the reasons stated above with regards to grounds 1-3, Petitioner is not entitled to an evidentiary hearing. *See* Rule 8(a), of the Rules Governing § 2255 proceedings, providing that a determination of whether to hold a hearing is proper only "[i]f the [§ 2255] motion is <u>not</u> dismissed . . . .") (emphasis added).

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court summarily DENY and DISMISS with prejudice the motion to vacate, set aside or correct sentence. *See* Rule 4(b) of the Rules Governing § 2255 Cases.

A copy of this recommendation will be mailed to counsel for Movant.

Signed this 6th day of March, 2009.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.